Chancellor Gaillard.
The lands which the complainants claim were in the possession of John Dinkins and John Smith his son-in-law, many years previous to Dinkins’ death. Din-jdns derived his title from James F. Gordon, by an instrument in writing executed on the fifth of February, 1804, and Smith held under him, as tenant at will, tha land which lies in North Carolina, and the Indian leased land lying in this state, By bis will executed in May, 1810, he devised in the following manner: “sixthly, I lend to my daughter Mary Smith one negro man named Nathan, and all that tract of land she now lives -on, together with a tract of land lying in the Indian boundary, whereon Mr. Rice now lives, during her natural life, and after death, the whole to be equally divided among her children for their use forever.” lie died in 1811, and his son and executor, James Dinkins, gave up all the papers which he supposed related to the lands, and which were such he says as his father held them by, to John Smith, and took his receipt dated 16th December, 1811, for that tract of land whereon he l•’Smith) then lived, deeded and Indian land, agreeably to tb^ WJ]1 of the testator. Mrs. Smith died in 1813, and after ber death Jolm Smith conveyed, for valuable consideration part of the leased land to Thomas B. Smith, and anoi.bej.part t0 Harris; having previously obtained a new leas? "m bis own name. Smith can not make use of this lease bostilely to the rights of his children, and whether he so intended or not, it must enure to their benefit» lie told Dinkins he had got a new lease, andi on Dinkins *162 saying to Rim, “sure you don’t mean to wrong the children,” he replied, he would not For his right hand, and that 'he did it to keep his children in order, and.-that they might not be refractory. Admitting it to be so, it can avail nothing to Smith, for it was his duty to -protect the claims of his children .under it; ■others might, but neither he nor those claiming under him, can, with a knowledge of the existing transactions, take advantage of its defects.
The defendants, Thomas ‘B. Smith and Harris, say they ■‘were innocent purchasers without notice. The evidence carries notice to both of them. Thomas B. Smith "had children-by a daughter of the testator to whom legacies were left, and before he made his.purchase, in a. conversation with Dinkins, -he said he would rely on the new. lease, and believed he would risk it any how If he had. the money; and Harris in his answer admits he knew of John Dinkins’ will, and it is probable from what he says in another part of the answer, that he acted on the belief that the Indian leased land did not. pass under the devise tp Mrs. Smith,
'On the-other point I am also with the complainant, that the devise carries the Indian leased land in South-Carolina, as well as the deeded-Iand in North-Carolina. The tract devised was one tract (though composed of parcels lying in two states.^ It was under one fence, occupied and cultivated; and considered by the drawer of the will, and he says by the testator, one plantation, and was so considered by others; and the words of the devise are sufficient to effect the testator’s intention. It is ordered and decreed, that the defendants, Thomas B. Smith and Harris, do assign their leases to the complainants or surrender them to be cancelled, and that they do account for the rents and profits of the lands from the time of their respective purchases; that John Smith do account for the rents and profits fr.om the death of his'wife.until he sold them, and that a writ of partition do issue to divide the lands according to the prayer of the bill, and .that the costs of suit be paid by the defendants
The defendants appealed on the several grounds,
*163 That the Indian land in South Carolina did not pass under the devise of Dinkins’ will:
That-Dinkins had no title, and that of the defendants was good: • '
That the defendants were purchasers for valuable consideration without notice, and- ' ■
That the attested copy of Dinkins’ will was inadmissible in^ evidence, without further proof;
Williams for appellants, referred to the act of the legislature of 1739 (P. laws, 160,) forbidding white persons to acquire titles from the Indians, to shew that Dinkins had no legal title.
In 1808, the legislature passed an act to authorize the holders of old and defective leases from the Indians to take ogt new and valid ones. This Dinkins neglected to do, and certainly it was lawful for Smith to prevent the loss of the-land by taking a title to himself.
This aids in the construction of the will. The testator is to be presumed to have intended to dispose of that which he had a right to dispose, and not'of property to which he had no title.
If Dinkins had the legal title, there was no ground for the complainants to come into this court; they might have recovered at law.
With respect to the copy of Dinkins’ will, the rule is, that on a trial relating to lands-devised, the will must be proved by the witnesses in court — the probate is not sufficient. If it was impossible to produce the original, the nextbest evidence would have been to examine the witnesses, to prove its execution and the truth of the copy.
Clendemn, contra. If there is any ambiguity, it arises dehors the will and may be explained by. extrinsic testimony— the doubt is, what land answérs the description of the devise. It has been explained by the evidence that the two parcels of land constituted one tract, and were occupied as one by Smith and his wife, ■ This is confirmed by the acts and admissionsof himself. By his receipt to the executor of Dinkins'fee *164 recognizes this construction and accepts the land under the 'terms of the will.
After so long a possession by Dinkins,the court will presume that it had a legal origin; but at all events, Smith, who held under Dinkins, will not bé permitted to dispute it. A tenant shall not dispute the title- of Ins landlord or lessor. Davoue, vs. Fanning, 2 Johns. ch. ca 252. His accepting the land on the terms of the will, prevents his setting up any claim in opposition to it. Decree affirmed by the whole court.